UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          Case No. 2:96-cr-15-FTM-99

MIGUEL RODRIGUEZ

_____

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Term of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), Amendment 706, Effective March 3, 2008 (Doc. #661), filed on March 6, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base (crack cocaine) offenses by two levels.

In an Order (Doc. #689) filed on April 11, 2008, the Court appointed the Federal Public Defender's Office to represent defendant, ordered a supplemental presentence report from the U.S. Probation Office, and directed responses to the supplemental presentence report. The supplemental presentence report determined that defendant was not eligible for a sentence reduction under Amendment 706. The United States filed its Response (Doc. #753) agreeing that defendant is not eligible under Amendment 706 because defendant was held accountable for more than 4.5 kilograms of cocaine base, and therefore application of the amendment does not lower his Sentencing Guidelines range. Defendant filed a Response (Doc. #754) asserting he was not held accountable for more than 4.5

kilograms of cocaine base, and therefore is eligible for a sentence reduction under Amendment 706.

## I.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines

has been made retroactive by being listed in U.S.S.G. § 1B1.10(c).[1]
Even if generally eligible for a reduction in the term of
imprisonment, a defendant must show that a reduction is consistent
with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a
term of imprisonment is not consistent with the Sentencing
Guidelines policy statement, and therefore is not authorized by §
3582(c)(2), if the retroactive amendment does not have the effect
of lowering defendant's applicable guideline range.  U.S.S.G. §
1B1.10(a)(2)(B).

        As a result of Amendment 706, base offense level 38 now
applies to an offense involving 4.5 kilograms or more of crack
cocaine, while base offense level 36 applies to an offense
involving at least 1.5 but fewer than 4.5 kilograms of crack
cocaine.  U.S.S.G. § 2D1.1(c)(1).  Thus, the base offense level for
a sentence based on 4.5 kilograms or more of crack cocaine remains
unchanged after Amendment 706.  U.S.S.G. App. C, Amend. 706; United
States v. Jones, 548 F.3d 1366 (11th Cir. 2008).  The Court
properly relies upon the drug quantity found at the original
sentencing, and does not recalculate the amount for purposes of the
Section 3582(c)(2) motion.  United States v. Walker, No. 08-12264,
2008 WL 5007201 (11th Cir. Nov. 24, 2008); United States v. Harris,
No. 08-11431, 2009 WL 368321 (11th Cir. Feb. 17, 2009).

---

[1]United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

**II.**

Defendant Rodriguez pled guilty to conspiracy to possess with intent to distribute an unspecified quantity of crack cocaine, as charged in a First Superceding Indictment.  The factual basis in the Plea Agreement stated that Rodriguez conspired with others from January, 1993 to February 19, 1996 to possess with intent to distribute cocaine base, crack cocaine, and that Rodriguez was the leader and organizer of a crack cocaine distribution organization, which sold on the average at least three or four kilograms of crack cocaine per month.  (See Doc. #331.)  At his guilty plea proceedings, Rodriguez admitted that the facts in the Plea Agreement were correct and that he was the organizer of the conspiracy to distribute crack cocaine from January, 1993 to the end of 1995.  (See Doc. #493, pp. 19-22.)

The Presentence Report, using a rough method of estimating drug quantity collectively for all of the defendants in the conspiracy, determined that there was a total distribution of 53 kilograms of cocaine base by all defendants over the life of the conspiracy.  (See Presentence Report, ¶ 19.)  The Presentence Report described defendant Rodriguez's participation in the conspiracy beginning in early 1993, his obtaining cocaine from sources in Miami, the cooking of the cocaine into crack cocaine, the distribution of the crack cocaine to numerous co-conspirators for re-sale, his supervision of others, and his distribution of

cocaine base into February, 1996.  (See id. at ¶¶ 20-44.)  The

Presentence Report found that Rodriguez was a leader and organizer

in a criminal activity involving five or more participants or was

otherwise extensive.  (See id. at ¶ 58.)  The Presentence Report

found that Rodriguez "distributed well over 1.5 kilograms of

cocaine base during the instant offense," (id. at ¶ 20) which at

the time was the threshold amount for Level 38, the highest base

offense level on the drug chart.  No factual objections were raised

by defense counsel, and the sentencing judge adopted the facts set

forth in the Presentence Report.  (See Doc. #408.)  The sentencing

judge determined that defendant's Total Offense Level was 41 (38,

plus a 3 level enhancement for role in the offense), his Criminal

History Category was I, and his Sentencing Guidelines range was 324

to 405 months.  (See id.)  After the Court granted the government's

motion for a downward departure based upon substantial assistance,

defendant was sentenced to 210 months imprisonment.

As the Presentence Report correctly stated, a defendant is

accountable not only for his own acts but for the acts of others,

undertaken in furtherance of jointly undertaken criminal activity,

which were reasonably foreseeable to the defendant.  (See

Presentence Report, ¶ 53; U.S.S.G. §§ 1B1.3(a)(1)(A) & (B).)  "[T]o

determine a defendant's liability for the acts of others, the

district court must first make individualized findings concerning

the scope of criminal activity undertaken by a particular

defendant.  Once the extent of a defendant's participation in the

conspiracy is established, the court can determine the drug quantities reasonably foreseeable in connection with that level of participation. If the court does not make individualized findings, the sentence may nevertheless be upheld if the record supports the amount of drugs attributed to a defendant." United States v. Ismond, 993 F.2d 1498, 1499 (11th Cir. 1993) (internal citations omitted).

Here, the sentencing judge determined that Rodriguez was an organizer and leader in the charged conspiracy, that Rodriguez was personally responsible for the distribution of well over 1.5 kilograms of cocaine base, and that the conspiracy distributed over 53 kilograms of cocaine base. Given the facts set forth in the Presentence Report, to which there was no objection by defendant, the Court concludes that defendant Rodriguez was held accountable for at least 4.5 kilograms of cocaine base, and is therefore not eligible for a sentence reduction under Amendment 706. No other legal basis exists for a sentence reduction under § 3582(c). See, e.g., United States v. Melvin, No. 08-13497, 2009 WL 236053 (11th Cir. Feb. 3, 2009).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Term of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c),

6

Amendment 706, Effective March 3, 2008 (Doc. #661) is **DENIED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this   4th   day of
March, 2009.

                                             JOHN E. STEELE
                                            United States District Judge

Copies:
Counsel of record
U.S. Probation